**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANFORD J. WISHNEV, individually and on behalf of all others similarly situated, | No. 16-16037 |
| | D.C. No. 3:15-cv-03797-EMC |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM* |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted October 16, 2017
Submission Withdrawn January 18, 2018
Resubmitted November 27, 2019
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

The Northwestern Mutual Life Insurance Company (Northwestern Mutual) appeals the district court's denial of its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1292(b).

The district court denied Northwestern Mutual's motion to dismiss based on its rulings that: (1) Northwestern Mutual was not exempt from the requirement that "interest shall not be compounded . . . unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith," Cal. Civ. Code § 1916-2 (the disclosure requirement); and (2) Northwestern Mutual failed to comply with the disclosure requirement. Because California law in this area was unsettled, we certified two questions respecting these issues to the California Supreme Court, *see Wishnev v. Nw. Mut. Life Ins. Co.*, 880 F.3d 493, 495 (9th Cir. 2018), which subsequently answered the first of our two questions, *see Wishnev v. Nw. Mut. Life Ins. Co.*, No. S246541, 2019 WL 5996921 (Cal. Nov. 14, 2019).

Under the California Supreme Court's ruling, lenders that are exempt from restrictions on interest rates under Article XV, section 1 of the California Constitution, *see* Cal. Const. art XV, § 1, are exempt from the disclosure requirement in section 1916-2 of the California Civil Code, *Wishnev*, 2019 WL

5996921, at *11. On appeal, the parties assumed that Northwestern Mutual was an exempt lender under section 1100.1 of the California Insurance Code at the relevant time. *See id.* at *5, 11 n.17. Therefore, under the California Supreme Court's ruling, and assuming that Northwestern Mutual was an exempt lender at the relevant time, Northwestern Mutual is exempt from the disclosure requirement and Wishnev's First Amended Complaint fails to state a claim. Because the parties "assumed that Northwestern Mutual was an exempt lender at all relevant times" and did not address the question "whether a lender's designation as exempt under article XV applies retroactively to a loan that may predate the designation," *Wishnev*, 2019 WL 5996921, at *11 n.17, we vacate the district court's order so that it may address this issue in the first instance.

**VACATED with instructions.**[1]

---

[1] Each party shall bear its own costs.